INSD Pro Se Employment Discrimination Complaint 10/21 (adapted from AO Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination)

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Indiana

| | |
|---|---|
| **TYRONE L. COE** | Case No. 1:21-cv-3126-TWP-DLP |
| _Plaintiff(s)_ | _(to be filled in by the Clerk's Office)_ |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: _(check one)_ ☐ Yes ☐ No |
| -v- | |
| **A SIGN BY DESIGN** | FILED<br>DEC 29 2021<br>U.S. CLERK'S OFFICE<br>INDIANAPOLIS, INDIANA |
| _Defendant(s)_ | 2021 DEC 29 PM 4:4... |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should _not_ contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include _only_: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievances, witness statements, evidence, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

INSD Pro Se Employment Discrimination Complaint 10/21 (adapted from AO Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination)

## I. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

[X] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

[ ] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[X] Other federal law *(specify the federal law)*:
CIVIL RIGHTS ACT OF 1866, 42 U.S.C. 1981 AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991 SECTION 1981

[ ] Relevant state law *(specify, if known)*:

[ ] Relevant city or county law *(specify, if known)*:

## II. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | TYRONE L. COE |
| Street Address | P O BOX 531132 |
| City and County | INDIANAPOLIS - MARION COUNTY |
| State and Zip Code | INDIANA 46253 |
| Telephone Number | (317) 909-1979 |
| E-mail Address | Tyronecoe@yahoo.com |

(2)

INSD Pro Se Employment Discrimination Complaint 10/21 (adapted from AO Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination)

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, a corporation, or another entity. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | A SIGN BY DESIGN |
| Job or Title *(if known)* | |
| Street Address | 501 W. NOBLE STREET |
| City and County | LEBANON - BOONE COUNTY |
| State and Zip Code | INDIANA 46052 |
| Telephone Number | (317) 876-7900 |
| E-mail Address *(if known)* | |

Defendant No. 2

Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

Defendant No. 3

Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

INSD Pro Se Employment Discrimination Complaint 10/21 (adapted from AO Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination)

**C.    Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | A SIGN BY DESIGN |
| Street Address | 4725 W. 106TH STREET |
| City and County | ZIONSVILLE - BOONE COUNTY |
| State and Zip Code | INDIANA 46077 |
| Telephone Number | (317) 876-7900 |

**III.   Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**A.**    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [x] Termination of my employment.
- [ ] Failure to promote me.
- [ ] Failure to accommodate my disability.
- [ ] Unequal terms and conditions of my employment.
- [x] Retaliation.
- [ ] Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

**B.**    It is my best recollection that the alleged discriminatory acts occurred on date(s)

March 13th 2020 Through May 26th 2020

**C.**    I believe that defendant(s) *(check one)*:

- [x] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

(4)

INSD Pro Se Employment Discrimination Complaint 10/21 (adapted from AO Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination)

### IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

January 7 th 2021

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)*   09/30/2021

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ 60 days or more have not elapsed.

### V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

****************** PLEASE SEE ATTACHED ********************

PAGE #13

### VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## NATURE OF THIS CASE

**7.** This is an employment discrimination case, brought pursuant to the provisions of the Civil Rights Act of 1866, 42 U.S.C SECTION 1981, as amended by the Civil Rights Act of 1991 ("Section 1981"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. SECTION 2000e to 2000e-17 Plaintiff alleges that the defendant A Sign By Design has engaged in, and continues to engage in, a company-wide pattern and practice of employment discrimination, both intentional and systemic, on the basis of race, national orgin, sex and religion , against themselves and a class of similarly situated African American, former employees, and applicants for employment as alleged in this Complaint. A Sign By Designs discriminatory practices include, but are not limited to, discrimination in hiring, training, promotions, job assignments, compensation, bonuses, vacation time, on a classwide basis as alleged in this Complaint. Plaintiff seeks declaratory, injunctive, and equitable monetary relief from these practices; compensatory and punitive damages; equitable remedies of accounting, restitution and disgorgement; and an award of costs, expenses, and attorneys' fees; all for and on behalf of the plaintiff.

## FACTS RELATING TO THE PATTERN OF INTENTIONAL AND SYSTEMIC DISCRIMINATION BY DEFENDANT A SIGN BY DESIGN

**8.** Defendant A Sign By Designs' employment practices and systems discriminate against African American employees and applicants for employment, because of their race, national origin and religion in the shop facilities and offices. The discriminatory practices engaged in by A Sign By Designs shop and offices are intentional and systemic in nature, and adversely affect plaintiff and members of the class with respect to opportunities for hiring, promotions, job assignments, compensation, and other terms and conditions of employment, as specifically summarized below.

**9.** A Sign By Design has approximately 22 - 30 employees in the company. Upper level management is comprised of all white men and women. The shop and offices are also predominantly white.

**10.** Upper level white managers have communicated that plaintiff is best used "behind the scenes" ! For example, Operations Manager David Miller instructed the shop manager to assign the plaintiff job assignments outside the shop and outside the scope of the plaintiffs job title and duties.

**11.** Upper management was made aware of racial name calling directed at the plaintiff. Plaintiff informed the owner of A Sign By Design ( Beverly Miller ) and the operations manager ( David Miller ) that a coworker named Dillion Amonette had called the plaintiff a "nigger" on (2) separate occasions. Dave Miller in turn ordered the plaintiff to take Dillon Amonette with the plaintiff to do an installation out of the shop in the plaintiff's vehicle.

**12.** Similarly negative statements have been made about the choice of music the plaintiff played while working. The shop foreman of A Sign By Design ( Randy Jordan ) asked the plaintiff if he only played "carjacking music?

**13.** The Plaintiff's job title was Painter/Inside shop. However, the operation manager ( Dave Miller ) routinely assigned plaintiff to work outside the shop forcing the plaintiff to over expand usage of plaintiffs personal vehicle for work assignments.

**14.** Plaintiff complained to A Sign By Designs Owner Beverly Miller about a picture on the company information board depicting an offensive image the plaintiff explained was hurtful and embarrassing. Beverly Miller replied "it's just a cartoon"!

**15.** Plaintiff arrived at work one morning to find a stuffed monkey on his work station. When the plaintiff inquired about where it came from the entire shop laughed. When plaintiff reported the incident to management namely David Miller he responded ``Can't you take a joke"?

**16.** Plaintiff questioned A Sign By Design management ( David Miller ) and ( Beverly Miller ) about promotions and was told plaintiff did not meet management criteria . When the plaintiff prodded further, the plaintiff was told by Beverly Miller that she thought Plaintiff made a better Indian than a chief !

## A.  Discrimination Against African American Supervisors And Managers In Promotions And  Job Assignments.

**17.** Management and supervisory jobs at A Sign By Design Include : Office Manager, Shop manager, Shop foreman, Install crew supervisor.

**18.** African American employees are discriminated against in promotion or transfer to these supervisory and managerial positions.

**19.** Through at least the end of 2019, A Sign By Design did not post supervisory and managerial positions available in its company or common area. When A Sign By Design filled open positions from it's pool of current employees, it typically used a " tap on the shoulder" method under which the predominantly white managers and owner made subjective and biased decisions to fill supervisory and managerial positions with non-African American employees. Consequently, open supervisory and managerial positions were unknown to African American employees who were not given an opportunity to apply and compete equally for these positions.

**20.** African American employees are discriminated against in the scope and extent of their job assignments as a result of subjective and biased decisions made by predominantly white managers.

(8)

**21.** African American employees are discriminated against by being assigned to use their personal vehicle outside the realm of their normal job duties. Unlike their white coworkers, African American employees are required to use their personal vehicles to perform job tasks. No non-African American employees were assigned jobs or tasks simply because of the vehicle they drove.

**22.** February 12th 2020 the majority of A Sign By Designs shop employees were all given "raise reviews" addressing evaluations. Although plaintiff was up for annual review, plaintiff was intentionally omitted. Plaintiff questioned the operations manager David Miller about the omission . David Miller responded "You people" want everything!

**23.** March 6th 2020 Plaintiff informed operations manager David Miller that plaintiff no longer wanted to ride in the company trucks with the installers. Plaintiff told David Miller he didn't feel safe riding illegally in trucks with coworkers that didn't have proper licenses
( commercial drivers license ). David Miller informed the plaintiff he would be fired if the plaintiff further refused assignments.

**24.** March 13th 2020 Plaintiff informed management that he no longer wanted to be the company painter. Plaintiff informed management that the mask filters were the wrong size and causing harm to the plaintiff. David Miller ( operations manager ) stated to the plaintiff that "you are becoming more problems than you're worth!

**25.** A Sign By Design trained ( 6 ) white coworkers on a cutting machine in the shop department called a " Router". Plaintiff was denied the opportunity to train alongside these coworkers. African American employees were not allowed training opportunities their white counterparts were.

**26.** A Sign By Design sponsored on the clock drinking of alcohol on Fridays throughout the year. Plaintiff chose not to participate for religious purposes.

( 9 )

When questioned about lack of involvement, the plaintiff informed coworkers that he was studying to become a Jehovah witness. Randy Jordan ( shop Foreman ) laughed and said " I thought all you guys were muslums or black panthers' ! He continued by stating "he had never seen a black Jehovah witness!

**27.** Plaintiff learned A Sign By Design was deceiving customers. Plaintiff informed operations manager David Miller that he didn't want to participate in the decepticon because of plaintiffs religious beliefs. Daivd Miller then accused the plaintiff of not being a team player. David Miller then stated that the plaintiff either wanted to continue working for A Sign By Design Or Not!

**28.** March 20th 2020 operations manager David Miller approached the Plaintiff at the end of the work day. Mr. Miller told the plaintiff that he was being laid off. Then Mr. Miller changed his statement to " I'm firing you"! Mr. Miller stated that they had the plaintiff on video from a week prior coming into the company stealing paper towels. Mr. Miller further stated that the alleged theft happened on ( 2 ) different occasions. Plaintiff denied the allegation. Plaintiff then requested viewing of videos to dispute the allegation. Mr. Miller refused. Plaintiff informed Mr. Miller that Plaintiff would be seeking legal council for slander. Plaintiff stated to Mr. Miller that the plaintiff felt there was a conspiracy to have the plaintiff removed from the company. Mr. Miller responded to the Plaintiff " you've complained so much that nobody wants to work with you"! Plaintiff responded with " I only complained about safety and equalness"!

**FIRST CAUSE OF ACTION--VIOLATION OF 42 U.S.C. SEC 1981**
   **( ON BEHALF OF THE AFRICAN AMERICAN PLAINTIFF )**

**29.** Plaintiff repeat and reallege and incorporates by this reference the allegations set forth in paragraph 1 through 23, inclusive, as though fully set forth herein.

**30.** Defendant's discrimination against Tyrone L. Coe is in violation of the rights of plaintiff and the class afforded by the Civil Rights Act 1866, 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991

**31.** By the conduct described above, defendant A Sign By Design intentionally deprived the aboved-named African American of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of their contractual employment relationship with A Sign By Design, in violation of 42 U.S.C. Section 1981.

**32.** As a result of defendant A Sign By Designs discrimination in violation of Section 1981, the African Amerincan plaintiff have been denied employment opportunities providing substantial compensation and benefits, thereby entitling them to injunctive and equitable monetary relief: and have suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life becaus of A Sign By Designs' actions, thereby entitling them to compensatory damages.

**33.** In its discriminatory actions as alleged abouve, A Sign By Designs has acted with malice or reckless indifference to the rights of the above-name African American plaintiff, thereby entitling them to an award of punitive damages.

**34.** To remedy the violations of the rights of plaintiffs secured by Section 1981, plaintiff request that the Court award plaintiff the relief prayed for below.

## SECOND CAUSE OF ACTION – VIOLATION OF TITLE VII (ON BEHALF OF PLAINTIFF)

**35.** Plaintiffs re-allege and incorporate by reference herein the allegations of paragraphs 1 through 29, inclusive, as set forth above.

**36.** Defendant's discrimination against the plaintifs is in violation of the rights secured to plaintiff by Title VII of the Civil Rights Act of 1964, 42 U.S.C Section 2000e et seq. as amended by the Civil Rights Act of 1991.

**37.** By the conduct described above, the defendant intentionally violated the rights of the plaintiff under Title VII.

**38.** Defendant's conduct also has had an adverse impact against plaintiff and is neither job related nor consistent with business necessity, and therefore violates the rights of plaintiff under Title VII.

**39.** As a result of the violation of the Title VII rights of the plaintiff the plaintiff is entitled to equitable and injunctive relief, including "rightful place" and "Make whole" remedies and equitable monetary relief, to remedy and compensate for the effects of defendant's unlawful actions.

**40.** As a result of the defendant's intentional violation of the Title VII rights of the plaintiff the plaintiff has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life, thereby entitling plaintiff to compensatory damages.

**41.** In its discriminatory actions as alleged above, A Sign By Design has acted with malice or reckless indifference to the rights of the above-named African American plaintiff thereby entitling plaintiff to an award of punitive damages.

**42.** To remedy the violation of the rights of the plaintiff secured by Title VII, the plaintiff request that the Court award plaintiff the relief prayed for below.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff prays that the Court grant relief on the First, and Second Causes of Action as specified below.

**43.** Plaintiff prays that the Court assign the case for hearing(s) at the earliest practicable date(s) and cause the case to be in every way expedited, pursuant to
42 U.S.C. section 2000e-5(f)(5).

**44.** Plaintiff prays that the Court issue a declaratory judgement against defendant A Sign By Design finding that A Sign By Design has violated the rights of the plaintiff Section under 1981, Title VII, By denying and depriving plaintiff of Equal employment opportunities on the basis of race, national origin, or religion, as alleged in this complaint: and that the violation of Section 1981, Title VII rights as specified above constitute unfair, unlawful and/or fraudulent business practices.

**45.** Plaintiff prays that the Court issue a preliminary and permanent injunction pursuant to section 1981, Title VII, and the enjoining defendant A Sign By Design, its officers, agent, employees and all others acting for or succeeding A Sign By Design from engaging in the discriminatory employment practices alleged in this complaint that discriminate against plaintiff in violation of Section 1981, Title VII on the basis of race, national origin, or religion.

**46.** Plaintiff prays that the Court enter a preliminary and permanent injunction ordering and requiring that defendant A Sign By Design Formulate, institute, adopt and maintain policies and practices which will provide equal employment opportunities to future African American employees and applicants for employment.

**47.** Plaintiff prays that the Court award monetary relief as follows:

    a. On the First Cause of Action, order the defendant to pay equitable monetary relief, compensatory and punitive damages to plaintiff on whose behalf claims are asserted under Section 1981 in that Cause of Action. In an amount to be proved at trial:

    b. On the Second Cause of Action, order defendant to pay equitable monetary relief, compensatory and punitive damages within the limits of 42 U.S.C. section 1981 a(a)(1) to plaintiff on the claims asserted under Title VII in the Cause of Action, in an amount to be proved at trial;

**48.** Plaintiffs Prays that the Court award them their costs, expenses and attorneys' fees, payable by defendant A Sign by Design as Follows:

    a. By determining that plaintiff are prevailing parties on the First and Second Cause of Action and thereupon awarding plaintiff reasonable costs, expenses, and attorneys' fees incurred in beginning this action pursuant to 42 U.S.C. section 2000e 5(k) on the Second Cause of Action,

**49.** Plaintiff prays that the Court order A Sign By Design to pay pre- and post-judgment interest in all monetary amounts awarded in this action, as provided by law.

**50.** Plaintiff prays that the Court retain jurisdiction of this case for a sufficient period of time assure that defendant A Sign By Design has fully complied with the preliminary and permanent injunctions requested herein and has remedied to the greatest extent practicable the discriminatory policies an practices complained of herein, and that A Sign By Design is operating in full compliance with the requirements of section 1981, Title VII, with regard to its employment policies and practices.

**51.** Plaintiff prays that the Court award such other and further relief as this Court deems equitable and just.

Respectfully Submitted,

*/s/ Tyrone L. Coe*

Date December 29, 2021

Tyrone L. Coe
PO Box 531132
Indianapolis, IN 46253

INSD Pro Se Employment Discrimination Complaint 10/21 (adapted from AO Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination)

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/29/2021

Signature of Plaintiff: *[signature]*

Printed Name of Plaintiff: TYRONE L. COE

(16)