**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **TYRONE L. COE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO: 1:21-CV-03126 TWP-DLP** |
| | ) | |
| **A SIGN BY DESIGN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## AMENDED COMPLAINT

Plaintiff, Tyrone L. Coe ("Coe"), brings claims against Defendant, A Sign by Design ("Defendant"), and states as follows:

## OVERVIEW

1.      This Complaint arises under The Civil Rights Act of 1866, more commonly referred to as "Section 1981."

## PARTIES

2.      Coe is an individual who, at all relevant times, worked in Maron County, Indiana. HIS work association with Defendant is contractual in nature as required and defined by Section 1981.

3.      Defendant is (now) located in Lebanon, Indiana.  The company employed Coe for services in exchange for wages.

## JURISDICTION

4.      This Court has jurisdiction over Defendant pursuant to U.S.C. §28 U.S.C. §1331.

## VENUE

5.      Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391 as all the events arose in the Southern District of Indiana.

## FACTS

6.      Coe, an African American male, was hired by Defendant in or about November 2010.  He was terminated on or about March 20, 2020.

.       7.      At all times, Coe met or exceeded the job expectations set for employees by the company.

8.      Coe began his employment as a Fabricator.  Thereafter, his primary assignment was 'Painter.'  As a Painter, Coe was paid $18.25 per hour.  One of Coe's Caucasian predecessors – who he believes had less experience than Coe – was paid $20.00 or more per hour to perform the same work.

9.      During the course of his employment, Coe was harassed because of his race.  By way of example and not limitation, he was subjected to the following racial misconduct:

a.      Coe was called a 'Nigger' by a co-worker.

b.      Coe was accused of listening to 'carjacking music'

c.      Coe was told he was 'best used behind the scenes.'  At the time, he was the only African American employed with Defendant.

d.      Coe encountered a racially insensitive picture in the workplace.

e.      Someone left a stuffed monkey at Coe's work station.  When Coe complained about this, he was asked, "Can't you just take a joke?"

f.      When other employees were given pay increases in 2020, Coe asked why he was not getting a pay increase.  He was told that, "[You] people want everything!"

g.      When Coe told an employee he was a Jehovah Witness, the employee commented that he, "[T]hought all you guys were Muslims or Black Panthers!"

h.      Coe was referred to as "[T]he black guy" at work.

10.     Coe complained about one or more of these events to Bev Miller, Owner, and/or Dave Miller, Operations Manager.  Despite his complaints, he continued to be subjected to racially insensitive behavior.

11.     During the course of his employment, Coe sought promotions with Defendant. He was told he, "[D]id not meet managerial criteria."  Defendant sought to exclude Coe from applying for positions by not posting positions and simply approaching Caucasian employees and promoting them.  Upon information and belief, one or more of these individuals had less experience and seniority than Coe.

12.     Caucasian employees were afforded raises but Coe was not.  When he asked why he was not given a raise in 2020, he was told that, "[Y]ou people want everything!"

13.     Coe was denied training opportunities.  At least six (6) Caucasian employees were trained on a cutting machine called a router.  Coe was denied that opportunity.

14.     Dave Miller terminated Coe on or about March 20, 2020.  Initially, Miller told Coe that he was being laid off.  Shortly thereafter during the same conversation, Miller told Coe that he has being fired because he was caught stealing.  As the conversation continued, Miller admitted that Coe complained so much that nobody wanted to work with him.

15.     Coe did not steal anything from Defendant.

16.     At least three Caucasian employees stole from Defendant – one on two different occasions – but were not terminated.  The first stole scrap metal and sold it for a personal profit and used the company credit card to purchase gas for his personal vehicle without permission.  A

second was caught fabricating his time records to his benefit.  A third stole a truck full of wood.

None of these individuals lost their jobs because of their misconduct.

17.     Moreover, Beverly Miller provided Coe with a copy of the following email she

authored on May 27, 2020:

> "I personally trust that Tyrone Coe returned the products that were taken and ASBD
> *wrongfully let him go. [emphasis added].*  At that time, we were either furloughing or
> laying off employees."

18.     Coe has suffered financial harm as a result of Defendants' conduct.

## LEGAL COUNTS

## COUNT 1: RACIAL HARASSMENT

19.     Coe incorporates paragraphs 1 – 18 herein.

20.     Plaintiff was subjected to a subjectively and objectively hostile work environment

because of his race, African American.  The racial harassment was sufficiently severe and/or

pervasive so as to alter the terms, conditions, and privileges of his employment.

21.     Coe was harmed by Defendant's unlawful willful and/or reckless

conduct.

## COUNT 2: RETALIATION

22.     Coe incorporates paragraphs 1 – 21 herein.

23.     Coe opposed the racial comments made to him and other misconduct of a racially

insensitive nature on multiple occasions.  The behavior was engaged in by both co-workers and

management.

24.     Plaintiff's opposition constitutes protected activity under the law.  Nevertheless,

Defendant fired him because of his opposition.  Miller admitted that he and/or others did not

want to work with him because of his complaints.

25.     Plaintiff was harmed by Defendant's retaliation.  Defendant's conduct was willful, reckless, or indifferent to Coe's rights.

## COUNT 3: RACE DISCRIMINATION

26.     Coe incorporates paragraphs 1 – 25 herein.

27.     Coe was treated differently than his Caucasian co-workers because of his race, African American.  He was paid less, denied training opportunities and promotions, denied raises, and terminated because of his race.

28.     Coe was harmed by Defendant's actions.

29.     Defendant's conduct was willful, reckless, or indifferent to Coe's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in his favor and award him the following relief:

a.     An Order awarding Plaintiff lost income and other damages, including compensatory damages, as provided for by federal law;

b.     An Order awarding Plaintiff punitive damages as provided for by federal law;

c.     An Order awarding Plaintiff the costs of this action;

d.     An Order awarding Plaintiff his attorney's fees;

e.     An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700

Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2022, a copy of the foregoing Amended Complaint

was filed electronically.  Notice of this filing will be sent to the counsel of record for Defendant

via the Court's Electronic Filing System to the following address of record:

Jeffrey B. Halbert
BOSE McKINNEY & EVANS LLP
jhalbert@boselaw.com

Counsel for Defendant, A Sign by Design

/s/ Christopher S. Wolcott